**UNITED STATES of America,
Appellee,**

v.

**Numan MAFLAHI, also known as
Rafiq Taleba, Defendant–
Appellant.**

**No. 04–3990–CR.**

United States Court of Appeals,
Second Circuit.

June 6, 2005.

Alan Dexter Bowman, Newark, NJ, for
Appellant.

Kelly A. Moore, Assistant United States
Attorney (Roslynn R. Mauskopf, United
States Attorney for the Eastern District of
New York, David C. James, Assistant
United States Attorney), Brooklyn, NY,
for Appellee, of counsel.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, Circuit Judges, and Hon. ARTHUR D. SPATT,* District Judge.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of June, two thousand five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED in part and REMANDED in part.

Appellant Maflahi was convicted of one count of making false statements in a matter within the jurisdiction of the executive branch of the United States, in violation of 18 U.S.C. § 1001. He was sentenced to sixty months in prison, the statutory maximum. He appeals his sentence.

The district court calculated Maflahi's sentence under the United States Sentencing Guidelines. Under U.S.S.G. § 2B1.1(a)(2), his base offense level was 6. U.S.S.G. § 3A1.4(a) provides, however,

that "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels; but if the resulting offense level is less than level 32, increase to level 32." And section 3A1.4(b) provides that "[i]n each such case, the defendant's criminal history category [ (CHC) ] ... shall be Category VI." Applying section 3A1.4, the district court determined Maflahi's base offense level would be 32 and his CHC would be VI. Maflahi does not appear to contend on appeal that that calculation was incorrect under the Guidelines. In any case, we find no technical error in the district court's calculation of the Guidelines sentence.

Without the 3A1.4 enhancement, Maflahi's Guidelines range would have been zero to six months given his base offense level of 6 and CHC of I. U.S.S.G. Sentencing Tbl. With the enhancement, Maflahi's Guidelines sentence was 210–262 months. *Id.* Under 18 U.S.C. § 1001(a), however, Maflahi could be sentenced to a maximum term of imprisonment of five years.

Relying on *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Maflahi argued to the district court that sentencing him under the Guidelines violated the Sixth Amendment. The district court agreed, and decided that the appropriate remedy was "to treat the Guidelines as unconstitutional in their entirety as applied in this case, and, therefore, sentence Mr. Maf[lahi] between the statutory minimum and the statutory maximum." Sentencing Tr., July 9, 2004, at 20. The court concluded that it was then "free to examine all the relevant information pursuant to 18 U.S.Code, section 3661 and all of the other various sentencing

* of the United States District Court for the Eastern District of New York, sitting by designation.

statutes which are not part of the Guidelines regime." *Id.* Under this approach, the court sentenced Maflhahi to the statutory maximum of five years. The court stated that it would sentence Maflahi to the same term if the Guidelines applied.

On appeal, Maflahi asserts that 1) his sentence violates the Sixth Amendment, 2) the court erred in not considering the defendant's lack of a criminal history, his family circumstances, and employment history and in not considering all the factors listed in 18 U.S.C. § 3553(a), and 3 his sentence violates the Eight Amendment because it is disproportionate.

■ With respect to the Maflahi's first contention, the district court agreed with his argument that the Guidelines were unconstitutional and therefore sentenced him without regard to the Guidelines. There is therefore no Sixth Amendment error in his sentence. *See United States v. Booker,* — U.S. ——, ——, 125 S.Ct. 738, 750, 160 L.Ed.2d 621 (2005); *United States v. Crosby,* 397 F.3d 103, 109 (2d Cir.2005).

■ Maflahi's second contention has more weight. The district court did not evaluate whether it would sentence Maflahi to the same term if the Guidelines were advisory and it were required to evaluate each of the factors listed in section 3553(a). Under *Booker,* as this Court has interpreted it in *Crosby,* the court's decision not to consider the statutes that "are ... part of the Guideline regime" constitutes a statutory error. *Id.* at 115. Maflahi did not object below to the district court's decision to sentence him without regard to the Guidelines, so his appeal is subject to plain error analysis. We therefore remand the case to the district court for consideration of resentencing in light of *Crosby.*

■ Last, Maflahi argues that his sentence violates the Eighth Amendment because it is disproportionate to the crime of which he was convicted. This Court has stated that "[l]engthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef,* 327 F.3d 56, 163 (2d Cir.2003). Section 1001 contemplates a sentence of five years, and that sentence is roughly a quarter the length of Maflahi's applicable Guidelines range. Thus, Maflahi's argument that a sentence of sixty months is disproportionate to his section 1001 conviction is unavailing. *See, e.g., Rummel v. Estelle,* 445 U.S. 263, 265–66, 272, 285, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part and REMANDED in part for proceedings consistent with this order.