**UNITED STATES of America,**
**Appellee,**

v.

**Numan MAFLAHI, also known as Rafiq Taleba, Defendant–Appellant.**

**No. 05–6524–cr.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2006.

David C. James, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Alan Dexter Bowman, Newark, NJ, for Defendant–Appellant.

Present ROGER J. MINER, JOSEPH M. McLAUGHLIN, and ROBERT A. KATZMANN, Circuit Judges.

---

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Following a jury trial, defendant-appellant Numan Maflahi was convicted of one count of making false statements, in violation of 18 U.S.C. § 1001. He now appeals his sentence of, *inter alia,* 60 months' imprisonment, the maximum permitted under his crime of conviction. We previously remanded this case for the limited purpose of permitting the district court to decide whether to resentence Maflahi pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). *See United States v. Maflahi,* 183 Fed.Appx. 13 (2d Cir.2005). The district court having elected not to do so, we now review Maflahi's sentence for reasonableness. *See United States v. Fernandez,* 443 F.3d 19, 26–27 (2d Cir.2006).

Maflahi's sentence, while the maximum permitted for his statutory offense, was considerably below his Guidelines range of 210–262 months. For essentially the reasons given by the district court, we do not find the sentence to be substantively unreasonable.

Maflahi also appears to suggest that the district court committed procedural error by failing to consider all the factors set forth in 18 U.S.C. § 3553(a) on remand.[1] It is true that, on remand, the district court issued only a brief order with no discussion. However, at the original sentencing, the district court—believing, even before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the mandatory application of the Sentencing Guidelines might be unconstitutional—stated that, after considering "all relevant information," it would impose the same term of imprisonment regardless of the status of the Guidelines. Moreover, on remand, Maflahi's counsel put forward no argument for how consideration of the § 3553(a) factors should change the appropriate outcome. Under these circumstances, we find no reason to doubt that the able district court adequately considered the § 3553(a) factors both in the original sentence and on remand, and will not accept Maflahi's apparent invitation to "prescribe [a] formulation a sentencing judge will be obliged to follow" to demonstrate that she did so. *See Crosby,* 397 F.3d at 113.

Having considered all Maflahi's other arguments and rejected them, we **AFFIRM** the judgment of the district court.

---

1. Maflahi also seems to suggest that it was somehow improper for the district court to take into account at sentencing facts not charged in the indictment or proven to the jury. Far from being improper, such consideration is required of the sentencing judge. *See Crosby,* 397 F.3d at 113. Maflahi does not assert any inaccuracy in this judicial fact-finding.